843 P.2d 1271

**In the Matter of a Member of the State Bar of Arizona, Richard LA PAGLIA, Jr. Respondent.**

**No. SB–92–0066–D.**

**Comm. Nos. 89–1496, 89–1590.**

Supreme Court of Arizona
Before the Disciplinary Commission.

Dec. 10, 1992.

Cornelius J. O'Driscoll, Phoenix, for respondent.

Nancy A. Greenlee, State Bar Counsel, Harriet L. Turney, Chief Bar Counsel, State Bar of Ariz., Phoenix, for the State Bar.

### JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that RICHARD LA PAGLIA, JR., a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against RICHARD LA PAGLIA, JR. for costs incurred by the State Bar of Arizona in the amount of $497.73, together with interest at the legal rate from the date of this judgment.

### EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION

OF THE

SUPREME COURT OF ARIZONA

Comm. Nos. 89–1496, 89–1590

In the Matter of

RICHARD LA PAGLIA, JR.,

a Member of the

State Bar of Arizona, Respondent.

DISCIPLINARY COMMISSION REPORT

Filed Oct. 20, 1992.

This matter came before the Disciplinary Commission of the Supreme Court of Ari-

zona on July 11, 1992, for review of the record on appeal pursuant to Rule 53(d)(2), R.Ariz.Sup.Ct. The Commission considered the hearing committee's recommendation of acceptance of the agreement for discipline by consent providing for censure and probation.

### Decision

The Commission, by a vote of nine aye, adopts the hearing committee's recommendation that the agreement for discipline by consent be accepted on the condition that it be amended to include, in addition to a censure and conditional two-year probation,[1] the following provision: 1) Respondent shall continue regular psychotherapy and any medication recommended by Dr. Jack Jones and any psychiatrist in consultation with the Director of the Membership Assistance Program.[2] The Commission also unanimously adopts the Tender of Admissions set forth in the agreement for discipline by consent as its findings of fact and conclusions of law.

### Facts
#### COUNT ONE

1. Respondent is, and was at all times relevant hereto, a member of the State Bar of Arizona.

2. In or around February 1989, Respondent was retained by Clients A to handle their Chapter 13 bankruptcy proceedings.

3. Prior to the filing of bankruptcy, the wife's wages had been garnished. Respondent had advised the clients that the wages could be recovered if the bankruptcy was filed within 90 days. Notwithstanding the fact that the bankruptcy was filed in time, the garnished funds were not returned due to Respondent's failure to attend to that issue.

4. In April 1989, the bankruptcy was dismissed because Respondent did not appear for the first meeting of creditors. Respondent subsequently filed a motion to reinstate and the bankruptcy was reinstated.

5. A confirmation hearing was scheduled on May 5, 1989, at which time the court ordered that forms had to be filed by the clients with the Phoenix office of the Internal Revenue Service by June 5, 1989. The court reset the confirmation hearing for June 23, 1989. Respondent sent the clients a letter on May 5, 1989, informing them of the court order.

6. The clients filed the appropriate documentation with the IRS, but sent it to the Ogden, Utah office. Respondent failed to follow up on the IRS matter.

7. Respondent failed to appear for the confirmation hearing set for June 23, 1989, and the bankruptcy was again dismissed.

8. At times during the handling of their bankruptcy, Respondent and Clients A had problems with their communication about the status of the case.

#### COUNT TWO

1. In 1989, Respondent was retained by Clients B to file a Chapter 7 bankruptcy for them.

2. On or about August 1, 1989, a First Meeting of Creditors was scheduled. Respondent failed to appear at this meeting.

3. Subsequently, the clients' bankruptcy was dismissed because Respondent failed to timely file the Statement of Affairs and Schedules of Incomes and Expenses. Respondent did, however, have the bankruptcy reinstated.

4. Respondent was given an IRS refund check in the amount of approximately $660 issued to the clients that was to be used to

---

1. The probation recommended by the committee would become effective only if Respondent returned to private practice.

2. An Amended Tender of Admissions and Agreement for Discipline by Consent was filed September 21, 1992, which included the additional provision required by the Commission.

pay Respondent's fee for handling the bankruptcy. Respondent lost this check and the clients had to request that the IRS reissue this refund check. Bar counsel concedes that the check was reissued to the clients and that they suffered no further harm.

### Discussion of Decision

In approving the Tender of Admissions, consideration was given to the American Bar Association's *Standards for Imposing Lawyer Sanctions* ("ABA *Standards*") §§ 4.43, 4.13 and 6.23 and the public censure and probation in *In re Polley,* Disc. Comm. No. 85–1302.

*Standard* 4.4 addresses lack of diligence. *Standard* 4.42 provides for suspension for a lack of diligence, while *Standard* 4.43 provides for reprimand (censure in Arizona). The differentiating factor is whether the respondent knowingly failed to perform services or, rather, his lack of diligence was mere negligence. In the instant case, it can be argued that Respondent knowingly failed to provide services, particularly in Count One, where he advised his clients that he could recover garnished wages, and then failed to follow up on the issue. The remaining instances of negligence, however, appear to be just that; negligent behavior, rather than knowing failure to perform services for clients.

*Standard* 4.13 provides for censure when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client. While Respondent's clients had to request that the IRS reissue a refund check which Respondent had lost, there was no resulting harm to the clients, as the check was intended to cover Respondent's fee.

Respondent caused interference with a legal proceeding when he failed to appear at a meeting of creditors, and failed to timely file the statement of affairs and schedules of income and expenses. *Stan-*dard 6.23 provides for censure in these circumstances.

In imposing lawyer sanctions, the court is guided by the principle that an effective system of professional sanctions must have internal consistency. *In re Pappas,* 159 Ariz. 516, 768 P.2d 1161 (1988). Other decisions of the court are useful guidelines in achieving that consistency. In *In re Polley,* Disc.Comm. No. 85–1302, the respondent failed to pursue a claim on behalf of his client, and failed to ensure that his client was adequately represented when the respondent left private practice. Two mitigating factors were present: the respondent suffered from major depression and, subsequent to the time of his misconduct, he had voluntarily left private practice to become county attorney. He had also previously been censured for conduct relating to neglect. Although not identical, these circumstances are clearly similar to those in the present matter. Mr. Polley was censured and placed on probation.

Mitigating circumstances, as listed in *Standard* 9.32, are present in this matter which also suggest that imposition of a suspension would be unduly harsh and would not advance any valid disciplinary purpose. On his own initiative, Respondent has provided information relevant to mitigation detailing the emotional difficulties he has been experiencing and the treatment he is currently receiving. In an effort to further alleviate the difficulties he was experiencing due to his emotional problems, Respondent voluntarily left private practice in June 1990, and is currently employed with the Pinal County Attorney's office. Since that time, Respondent has had no further disciplinary problems.

Throughout these proceedings, Respondent has cooperated fully and has been very candid about the emotional problems which he believes have contributed to his misconduct. The Commission believes the conduct did not arise out of selfish or dishonest motives. Respondent has also expressed remorse for his past conduct and has acknowledged the dilatory manner in

which he represented the complaining clients.[3]

A few aggravating circumstances apply in this case, as listed in *Standard* 9.22. Respondent had been practicing law for fourteen years at the time the misconduct occurred. In addition, Respondent has also received one prior informal reprimand, for the dilatory manner in which he informed a client about a hearing to be held in his dissolution, which the client claimed provided him with insufficient time to discuss the issues which he wanted raised at the hearing.[4]

Because Respondent contends that the above-described conduct occurred during the same time period as the instant matters and that they were all a result of his coming to terms with and beginning treatment for his underlying emotional problems, the Commission does not believe he has established a pattern of misconduct.

Respondent's actions, by his own admission, violated ER 1.3, ER 1.4, ER 1.15, and ER 3.2. The Commission has considered these violations, along with a review of the facts, the *Standards*, and proportionality, and acknowledges that the factors in mitigation outweigh the existing aggravating factors. The Commission, therefore, orders the following:

1. Respondent shall be censured, pursuant to Rule 52(a)(4), for violations of the above-mentioned Rules of Professional Conduct.

2. Respondent shall pay all taxable costs incurred by the State Bar in connection with these proceedings. This agreement does not obligate Respondent to pay legal fees.

3. Should Respondent return to private practice, he shall be placed on probation for two years. The terms of this probation shall include a law office audit, law office management counseling, and continued therapy. Respondent shall have the duty to inform the State Bar in writing within ten days of his return to private practice.

4. Respondent shall continue with psychotherapy and any medication recommended by Dr. Jack Jones and any psychiatrist in consultation with the Director of the Members Assistance Program.

/s/  Raymond W. Brown
Raymond W. Brown, Chair
Disciplinary Commission

---

**3.** *Standard* 9.32 includes the following as factors to be considered in mitigation: absence of a dishonest or selfish motive, personal or emotional problems, full and free disclosure to the disciplinary board or cooperative attitude toward the proceedings, interim rehabilitation, remorse, and mental disability.

**4.** *Standard* 9.22 includes substantial experience in the practice of law and prior disciplinary offenses as aggravating factors.